UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. BIBBS, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00316-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 11) |

　　　　　Plaintiff Raymond H. Denton is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　　On April 2, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's action proceed on claims against defendants S. Bibbs, J. Anderson, T. Costa, and R. Chavez and that all other defendants and claims be dismissed.  (Doc. No. 11.)  The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  (*Id.* at 17.)

　　　　　On April 27, 2020, plaintiff filed a motion for extension of time to file objections to the findings and recommendations (Doc. No. 12), which the magistrate judge granted on April 28, 2020 (Doc. No. 13).  On June 17, 2020, plaintiff filed written objections to the findings and recommendations.  (Doc. No. 14.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Local Rule 304, the court has conducted a de novo review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendation are supported by the record and proper analysis.

In his objections, plaintiff argues that "[a]lthough Defendant fisher [*sic*] did not commit the retaliation violations in the complaint, he became responsible when he failed to correct the retaliation in the course of his supervisory responsibilities." (Doc. No. 14 at 1.)  However, in his complaint plaintiff never alleges that defendant Warden Fisher failed to act, but rather, merely appears to assume that defendant Fisher did not act because plaintiff was ultimately removed from his position as the chairman of an inmate advisory council. (*See* Doc. No. 1 at 9.)  Plaintiff also states in his objections that "[a]fter filing the complaint, Defendant Fisher made subsequent retaliatory statements and acts." (Doc. No. 14 at 2.)  Plaintiff states that he informed defendant Fisher again in-person on October 21, 2019 that the prison administration was retaliating against plaintiff for filing a complaint against defendant Bibbs by wrongfully classifying his disciplinary report as serious and threatening to remove him from his position as inmate advisory council chairman. (*Id.* at 5.)  Plaintiff alleges that defendant Fisher "refused to accept the appeal and stated:  'IF YOU DON'T STOP WITH ALL THE COMPLAINING I'M GOING TO HAVE YOU REMOVED FROM THE MAC AND TRANSFER YOU OF THIS INSTITUTION.'" (*Id.*) Aside from the fact that these allegations are not set forth in plaintiff's complaint and were therefore not before the magistrate judge when the findings and recommendations were issued, the court notes that the October 21, 2019 conversation between plaintiff and defendant Fisher, which plaintiff now claims took place, is not reflected in the exhibit that plaintiff cites in support thereof. (*See id.* at 44–49.)  Plaintiff has failed to point to any specific allegations in his complaint that sufficiently links defendant Warden Fisher to any harm allegedly suffered by plaintiff.  Moreover, plaintiff was provided with the applicable legal standards in the screening order with respect to his original complaint and failed to cure those deficiencies in his first amended complaint. Even the allegations he advances now in his objections to the pending findings and recommendations are either flawed or deficient for the reasons indicated above.

Therefore, there is no basis upon which to question the analysis set forth in the pending findings and recommendations.

Accordingly,

1. The findings and recommendations issued on April 2, 2020 (Doc. No. 11) are adopted;
2. Defendants Speidell, Martinez, Gonzales, Roberts, Nash, and Fisher and the claims against them are dismissed from this action;
3. This action will proceed against defendants Bibbs, Anderson, Costa, and Chavez; and
4. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **August 13, 2020**

_____
UNITED STATES DISTRICT JUDGE