UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. BIBBS, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-00316-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S *IN FORMA PAUPERIS* STATUS BE REVOKED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $400.00 FILING FEE IN FULL<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER RE: DEFENDANTS' REQUEST TO STAY CASE<br><br>(ECF Nos. 5 & 22) |

　　　Raymond H. Denton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 10, 2020, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status, along with a request for the Court to take judicial notice of court records in four of Plaintiff's prior cases. Additionally, in the motion, Defendants ask the Court to stay the case until it rules on the motion.

　　　For the reasons that follow, the Court will recommend that Plaintiff's *in forma pauperis* status be revoked and that Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.[1]

---

[1] Plaintiff's deadline to respond to the motion has not yet run.  However, the Court may *sua sponte* revoke Plaintiff's *in forma pauperis* status.  Additionally, Plaintiff will have an opportunity to file objections to

1

As to Defendants' request for the Court to stay this case pending resolution of their motion, the Court notes that that Defendants filed their motion on their deadline to file their answer, that Defendants did not file a separate motion seeking a stay, that Defendants' motion does not mention that it is seeking a stay in the title of the motion, and that Defendants cited to no legal authority in regards to their request for a stay.  Nevertheless, as the Court is recommending that Plaintiff's *in forma pauperis* status be revoked, the Court will stay Defendants' responsive pleading deadline until the district judge issues an order on these findings and recommendations.  If the findings and recommendations are adopted, Defendants have fourteen days from the date Plaintiff pays the filing fee to file their responsive pleading. If these findings and recommendations are not adopted, Defendants have fourteen days from the date of service of the district judge's order to file their responsive pleading.

The Court will also give Defendants fourteen days from the date they file their responsive pleading to either: (1) file a notice that they opt out of the early settlement conference; or (2) contact ADR Coordinator Sujean Park (spark@caed.uscourts.gov) to schedule the early settlement conference.

I. **THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it….  This means that the procedural

---

these findings and recommendations.  Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) ("[O]nce a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude *IFP* status.").

mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir. 1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'").

## II.  BACKGROUND

The Court granted Plaintiff's application to proceed in forma pauperis on March 15, 2019. (ECF No. 5). On November 10, 2020, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* status, along with a request for the Court to take judicial notice of court records in four of Plaintiff's prior cases, two of which were filed in this district and two of which were filed in the United States District Court for the Southern District of California.

## III.  ANALYSIS

    a.  Strikes

Plaintiff initiated this action on March 8, 2019. (ECF No. 1). The Court finds that Defendants are correct that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of: 1) Denton v. Sapunor (Sapunor I), E.D. CA, Case No. 2:04-cv-00266, ECF Nos. 5 & 8 (dismissed for failure to state a claim); 2) Denton v. Ryan, S.D. CA, Case No. 3:06-cv-01664, ECF Nos. 33 & 37 (dismissed for failure to state a claim); and 3) Denton v. Garcia, S.D. CA, 3:04-cv-00182, ECF No. 24 (dismissed for failure to state a claim).

As to Sapunor I, it appears that this case was dismissed for two independent reasons, both of which count as a "strike." First, Plaintiff tried to sue the defendants under the United States Constitution for a violation of state law, which failed to state a claim. Sapunor I, ECF No. 5, p. 2. Second, it appears that Plaintiff's complaint was dismissed because of the Heck bar. Because it was clear from the face of the complaint that this action was Heck barred, and because it appears that Plaintiff was only seeking a declaratory judgment and not an injunction for release, Sapunor I, ECF No. 5, p. 2, this Heck dismissal also counts as a strike. Washington

v. Los Angeles Cty. Sheriff's Dep't, 833 F.3d 1048, 1055 (9th Cir. 2016) ("[W]e hold that a dismissal may constitute a PLRA strike for failure to state a claim when *Heck's* bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA.").

      As to Garcia, that case was dismissed in part because Plaintiff failed to state conspiracy claims and in part because Plaintiff failed to exhaust available administrative remedies prior to filing suit. Garcia, ECF No. 24. While this case was dismissed in part for failure to exhaust, this dismissal still counts as a strike because a dismissal for failure to exhaust based on the face of the complaint is a dismissal for failure to state a claim. El-Shaddai v. Zamora, 833 F.3d 1036, 1044 (9th Cir. 2016) ("Notwithstanding the fact that failure to exhaust is an affirmative defense, a 'complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.'") (alteration in original) (quoting Jones v. Bock, 549 U.S. 199, 215 (2007)); see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) ("[I]n those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.").[2]

      b. Imminent Danger

      As Plaintiff had at least "three strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger

---

[2] It is not clear if Denton v. Sapunor (Sapunor II), E.D. CA, Case No. 2:04-cv-00057, counts as a "strike." In this case, Plaintiff's complaint was dismissed on February 12, 2004. Sapunor II, ECF No. 2. On June 4, 2004, the assigned magistrate judge recommended that this action be dismissed, without prejudice, because Plaintiff failed to file an amended complaint. Id. at ECF No. 7. On that same day, Plaintiff filed his First Amended Complaint. Id. at ECF No. 8. Approximately two weeks later, Plaintiff filed a request to dismiss his case without prejudice. Id. at ECF No. 9. Plaintiff's case was then dismissed pursuant to Plaintiff's request. Id. at ECF No. 10, p. 1 ("Plaintiff, a state prisoner proceeding pro se, has requested that this action be dismissed. Pursuant to Fed. R. Civ. P. 41(a), this action is dismissed.") While Plaintiff's original complaint may have been dismissed for one of the reasons enumerated in 28 U.S.C. § 1915, Plaintiff's untimely First Amended Complaint was not. Thus, it is not clear if this case counts as a "strike." As the Court has found that Plaintiff had three other cases dismissed that do count as "strikes," the Court takes no position on the issue.

of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).  See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)….").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

The Court finds that Defendants are correct that there is nothing in Plaintiff's complaint that suggests that Plaintiff was in imminent danger of serious physical injury at the time he filed this case.  Plaintiff alleges that numerous individuals retaliated against him, but this retaliation took the form of a false Rules Violation Report, misclassification of the Rules Violation Report, and removing Plaintiff from the Men's Advisory Counsel.  There is no indication that Plaintiff was ever in danger of being physically injured.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger

when he filed this action, the Court will recommend that Plaintiff's *in forma pauperis* status be revoked and that Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

**IV.    CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status be revoked; and
2. Plaintiff be directed to pay the $400.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that Defendants' responsive pleading deadline is STAYED until the district judge issues an order on these findings and recommendations. If the findings and recommendations are adopted, Defendants have fourteen days from the date Plaintiff pays the filing fee to file their responsive pleading. If these findings and recommendations are not adopted, Defendants have fourteen days from the date of service of the district judge's order to file their responsive pleading. Defendants have fourteen days from the date they file their responsive pleading to either: (1) file a notice that they opt out of the early settlement conference; or (2) contact ADR Coordinator Sujean Park (spark@caed.uscourts.gov) to schedule the early settlement conference.

IT IS SO ORDERED.

Dated:  **November 16, 2020**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE