1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYMOND H. DENTON,                      No.  1:19-cv-00316-DAD-EPG (PC)

12                      Plaintiff,

13       v.                                  ORDER DECLINING TO ADOPT FINDINGS
                                             AND RECOMMENDATIONS
14   S. BIBBS, et al.,
                                             (Doc. Nos. 5, 22, 24)
15                      Defendants.

16

17          Plaintiff Raymond H. Denton is a state prisoner proceeding *pro se* and *in forma pauperis*

18   in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On November 10, 2020, defendants filed a motion to revoke plaintiff's *in forma pauperis*

21   status, along with a request for judicial notice of four dismissal orders issued in plaintiff's prior

22   cases that defendants urge this court to construe as strikes under 28 U.S.C. § 1915(g).  (Doc. Nos.

23   22, 23.)  On November 17, 2020, the assigned magistrate judge *sua sponte* entered findings and

24   recommendations, recommending that plaintiff's *in forma pauperis* status be revoked and

25   plaintiff instead be required to pay the filing fee in full because:  (1) he is subject to the three

26   strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations in his complaint do not satisfy the

27   "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 24 at 3–4.)

28   These findings and recommendations were served on plaintiff and contained notice that any

                                           1

objections thereto were to be filed within twenty-one (21) days from the date of service and any reply was to be filed within seven (7) days after service of the objections. (*Id.* at 7.) After the granting of two extensions of time to do so, on April 8, 2021, plaintiff timely-filed his objections. (Doc. No. 29.) Defendants' filed their response to plaintiff's objection on April 16, 2021. (Doc. No. 30.) On April 30, 2021, plaintiff filed a response to defendants' filing. (Doc. No. 31.)

In his objections, plaintiff argues that he is not subject to the three strikes bar of § 1915(g) because none of the three[1] dismissal orders relied upon in the pending findings and recommendations should be counted as strikes. (Doc. Nos. 29 at 1–6; 31.) In response to the objections, the government argues that the findings and recommendations should be adopted because, defendants contend, the magistrate judge properly recommended that three of the four cases they presented in their motion to revoke should be construed as strikes, though they believe all four would qualify as such. (Doc. No. 30 at 3–4.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the undersigned declines to adopt the findings and recommendations. Specifically, the undersigned concludes that two of the three dismissal orders relied upon in the findings and recommendations under 28 U.S.C. § 1915(g) do not qualify as strike dismissals under the statute. Each of the dismissal orders assessed as strikes in the findings and recommendations is addressed in turn below. With only one qualifying strike dismissal, plaintiff may continue to proceed in this action *in forma pauperis*.

**DISCUSSION**

**A.** **Denton v. Sapunor, No. 2:04-cv-00266 (E.D. Cal. Aug. 20, 2004)**

First, the findings and recommendations rely upon the dismissal order in *Denton v. Sapunor*, No. 2:04-cv-00266 (E.D. Cal. Aug. 20, 2004) as a prior strike. (Doc. No. 24 at 3–4.) In *Sapunor*, plaintiff initiated an action against judges in the California state court system,

---

[1] Plaintiff also argues a fourth case, *Denton v. Sapunor*, No. 2:04-cv-00057 (E.D. Cal. July 15, 2004), should not be counted as a strike because it was voluntarily dismissed by plaintiff. (Doc. No. 29 at 3.) The undersigned agrees that while this case would not be considered a strike dismissal, *see e.g.*, *Williams v. Grannis*, No. 1:07-cv-01008-AWI-DLB (PC), 2008 WL 4078664, at *4 (E.D. Cal. Aug. 29, 2008), it was not relied upon in the findings and recommendations as a strike even though it had been raised in defendants' motion to revoke (Doc. No. 22-1 at 6).

attempting to seek a declaratory judgment that his Sixth and Fourteenth Amendments were violated when he was not appointed counsel for the purpose of moving in a California trial court for DNA testing pursuant to California Penal Code § 1405 (a), (b).  (*Sapunor*, Doc. No. 5 at 2.)

In his objections, plaintiff asserts that the *Sapunor* action actually sought appointment of counsel to file a DNA motion under § 1405, and that § 1983 actions seeking to compel DNA testing does not necessarily imply his conviction was invalid, citing cases from the Ninth Circuit and other Circuits.  (Doc. Nos. 29 at 4–5; 31 at 1–3.)  Defendants respond that this case constitutes a strike even if, as plaintiff now claims, he was filing a writ of mandamus rather than a civil rights action.  (Doc. No. 30 at 4.)   Plaintiff repeats his principle arguments in his response to defendants' filing.  (Doc. No. 31 at 2–3.)

The PLRA makes a prisoner ineligible for *in forma pauperis* status if he "has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  As the Ninth Circuit has instructed, courts are to "strictly and narrowly" construe the language of § 1915(g) in the interest of justice:

> The "denial of [*in forma pauperis*] status effectively, if not physically, denies many indigent prisoners access to the courts." Simone Schonenberger, *Access Denied: The Prison Litigation Reform Act*, 86 Ky. L.J. 457, 474 (1998).  In § 1915(g), Congress said what it meant, and we will construe its language strictly and narrowly.  "Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) (internal quotation marks omitted) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, (1980)). Unless an incarcerated litigant has accrued three strikes on grounds plainly enumerated in § 1915(g), [he] is entitled to [*in forma pauperis*] status.

*Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019).  Accordingly, not every dismissal qualifies as a strike under § 1915(g).  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1041–2 (9th Cir. 2016) (citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)).

/////

Strikes can only accrue from "civil actions." *Washington v. L.A. Cnty. Sheriff's Dep't.*, 833 F.3d 1048, 1057 (9th Cir. 2016). When determining whether a dismissal can be counted as a strike, the court also looks to the substance of the dismissed lawsuit. *El-Shaddai*, 833 F.3d at 1047. The Ninth Circuit has held that dismissals of "would be" habeas petitions do not trigger strikes because they do not fall under the purview of the PLRA. *Id.*; *El-Shaddai*, 833 F.3d at 1046–47. When a case presents any claims which "sound in habeas", the court must find that that claim is not subject to the PLRA's regime for the purposes of assessing strikes. *Washington*, 833 F.3d at 1057.

A review of the docket in *Denton v. Sapunor*, No. 2:04-cv-00266 establishes that the district judge dismissed that action[2] for failure to state a claim because "plaintiff's claims implicate[d] the validity of his criminal conviction [and his] sole federal remedy for alleged violations of his federal constitutional rights in criminal proceedings is a writ of habeas corpus."[3] (*Sapunor*, Doc. No. 5 at 2; 8 at 2.) The district court concluded that the validity of plaintiff's conviction was implicated because "[a] motion pursuant to California Penal Code § 1405 must be accompanied by a statement that the movant is innocent of the crime for which he or she has been convicted and that DNA testing is relevant to that claim of innocence." (*Sapunor*, Doc. No. 5 at 2 n.2.)

Although due to the age of the case, plaintiff's complaint in *Denton v. Sapunor* is no longer available on the docket, the court was able to retrieve a copy of plaintiff's complaint from the Federal Records Center in order to review the original filing. At its core, it appears that in

---

[2] The *Sapunor* findings and recommendations had also recommended that the action be dismissed for failure to comply with the court's order to file an *in forma pauperis* affidavit and/or pay the appropriate filing fees. (Doc. No. 5 at 1.) However, by the time the district judge adopted the findings and recommendations, plaintiff had filed his *in forma pauperis* affidavit, so the court did not adopt that aspect of the recommendation. (Doc. No. 8 at 2.)

[3] The pending findings and recommendations also characterize this as a dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), although the dismissing orders did not cite this case. (*Cf.* Doc. No. 24 at 3–4 *with Sapunor*, Doc. No. 5 at 2.) The undersigned notes that it does not appear plaintiff sought to recover damages, which appears to place the case outside the ambit of *Heck*. In any event, the Ninth Circuit has outlined, when "*Heck*-barred damages claims are [] intertwined with a habeas challenge to the underlying sentence," the court must decline to impose a strike with respect to the entire action. *Washington*, 833 F.3d at 1057.

4

pursuing the *Sapunor* action, plaintiff was ultimately seeking injunctive relief by challenging his criminal conviction, which sounds in habeas. "[I]njunctive relief, sound[ing] in habeas [] is not subject to the PLRA's regime" and thus cannot be assessed a strike. *Washington*, 833 F.3d at 1057.

Accordingly, plaintiff cannot be assessed a strike for the dismissal of his complaint in *Denton v. Sapunor* because the claim(s) were not subject to the PLRA's regime for the purposes of assessing strikes.

**B.** ***Denton v. Ryan*, No. 3:06-cv-01664 (S.D. Cal. Mar. 19, 2008)**

Second, the findings and recommendations rely upon the dismissal in *Denton v. Ryan*,[4] No. 3:06-cv-01664 (S.D. Cal. Mar. 19, 2008) as a prior strike; though the pending findings and recommendations do not address why. (Doc. No. 24 at 3.) In his objections, plaintiff asserts that this dismissal because the court in *Ryan* denied defendants' motion to designate the dismissal as a strike. (Doc. No. 29 at 3.)

A review of the docket in that case establishes that the action was dismissed by an order adopting the assigned magistrate judge's recommendation in full for failure to state a claim upon

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

---

[4] Based the docket, the undersigned understands the case is *Denton v. Bowman* because defendant Ryan had been dismissed at the time of the purported strike dismissal order and the caption had been updated. For consistency with the briefing and the pending findings and recommendations, the court will refer to the case as *Ryan*.

which relief may be granted. (*Ryan*, Doc. Nos. 33; 38 at 2, 5.) Accordingly, the dismissal of

*Denton v. Ryan* does qualify as a strike against plaintiff under 28 U.S.C. § 1915(g).[5]

**C.     *Denton v. Garcia*, No. 3:04-cv-00182 (S.D. Cal. May 11, 2005)**

Finally, the findings and recommendations rely upon the dismissal in *Denton v. Garcia*,

3:04-cv-00182 (S.D. Cal. May 11, 2005). That action was dismissed in part because plaintiff

failed to exhaust his administrative remedies prior to filing suit with respect to his retaliation

claims and in part due to plaintiff's failure to state a claim as to his conspiracy claim. (*Garcia*,

Doc. No. 24 at 5–9.)

The Ninth Circuit has established that when an action presents multiple claims, a strike is

assessed "only when the 'case as a whole' is dismissed for a qualifying reason under the

[PLRA]." *Washington*, 833 F.3d at 1057 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th

Cir. 2007)). Thus the court must determine whether the dismissal of plaintiff's retaliation claims

---

[5] To be clear, the determination that this dismissal qualifies as a strike would not be based in any part on language contained in the dismissal order itself, should it have said so, because the assessment of a strike is instead required to be determined by this court's independent review. As the undersigned has previously observed:

> The practice of designating dismissals as "strikes" under § 1915(g) in orders of dismissal has been criticized because it is the subsequent courts who must determine whether a plaintiff is barred from maintaining an action in forma pauperis by the three strikes rule. In this regard, the Second Circuit has stated: "[D]istrict courts should not issue these strikes one by one, in their orders of judgment, as they dispose of suits that may ultimately—upon determination at the appropriate time—qualify as strikes under the terms of § 1915(g)." *DeLeon v. Doe*, 361 F.3d 93, 95 (2d Cir. 2004); *see also Andrews v. King*, 398 F.3d 1113, 1119 n.8 (9th Cir. 2005) ("[T]he district court is not required to determine whether the prisoner's case is frivolous, malicious or fails to state a claim and therefore will count as a future strike under § 1915(g)."); *Shabbazz v. Fischer*, No. 9:11-CV-0916 (TJM/ATB), 2012 WL 3241653, at *1 (N.D.N.Y Aug. 7, 2012) ("In other words, a strike may not be assessed at the same time that the action or appeal is dismissed. Instead, it is up to a later judge to determine, when the time is right, whether three previously dismissed actions or appeals might constitute strikes."); *Pough v. Grannis*, 08CV1498-JM (RBB), 2010 WL 3702421, at *13 (S.D. Cal. July 16, 2010) (denying defendants' request that the court designate a dismissal as a strike under § 1915(g) at the time of dismissal).

*Davis v. Kings Cnty. Bd. of Supervisors*, No. 1:18-cv-01667-DAD-EPG, 2019 WL 6888585, at *3, n. 1 (E.D. Cal. 2019).

for failure to exhaust administrative remedies prior to filing suit here constitutes a "strike" dismissal for purposes of §1915(g).

The Ninth Circuit has outlined the circumstances in which a dismissal for failure to exhaust administrative remedies constitutes a strike for the purposes of seeking *in forma pauperis* status in a later case. *See El-Shaddai*, 833 F.3d at 1043–44. Whether a dismissal for failure to exhaust qualifies as a strike turns on whether in making that determination "the district court considered documents outside the four corners of the complaint"—that is, whether the court was confronted with one of the "rare cases where a failure to exhaust is clear from the face of the complaint. . .." *Id.* at 1044 (citing in *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*). Thus, if a case is dismissed because the failure to exhaust was clear on the face of the complaint, and no outside evidence was considered in reaching that determination, the dismissal would count as a strike. *Id.* On the other hand, if a court in reaching that conclusion considers material outside the complaint, such a dismissal would not count as a strike. *Id.*

As applied to the present case, plaintiff's third amended complaint was dismissed as to his conspiracy claim due to plaintiff's failure to state a cognizable claim, which is a qualifying reason, but as to his retaliation claims due to plaintiff's failure to exhaust his administrative remedies until after the action had been initiated. (*Garcia*, Doc. No. 24 at 6.) The court ultimately made this latter determination by relying on administrative grievance records attached to plaintiff's motion for reconsideration[6] (Doc. Nos. 20, 23). (*Id*. at 3, 6) ("Plaintiff has attached his administrative grievance regarding the incident with Defendant Gonzales . . .. *See* Pl.'s Ex. 4, Inmate/Parolee Appeal Form dated October 22, 2003, Log. No. CAL-D-03-02021. [. . .] While it does appear that Plaintiff did exhaust his administrative remedies with regard to the issues in his Third Amended Complaint, he clearly did so after he initiated this action.") Thus, the fact that

---

[6] The court's order in *Garcia* refers to the exhibits as being attached to the complaint; however this appears to be a misunderstanding caused by the simultaneous filing of the third amended complaint (Doc. No. 22), the motion for reconsideration (Doc. No. 20), and the exhibits (Doc. No. 23) on the same day. It is clear from the citations in plaintiff's motion for reconsideration (Doc. No. 20) that the exhibits filed (Doc. No. 23) were to be attached thereto. (*Cf*. Doc. No. 20 at 5 ("See Exhibit-4 – Inmate Appeal") *with* Doc. No. 23 at 14–24, Inmate/Parolee Appeal Form dated October 22, 2003, Log. No. CAL-D-03-02021.)

this dismissal for failure to exhaust was premised on consideration of extrinsic evidence outside the complaint means that the dismissal for failure to exhaust administrative remedies in *Garcia* cannot count as a strike dismissal against plaintiff under § 1915(g). *See El-Shaddai*, 833 F.3d at 1044.

Accordingly, plaintiff cannot be assessed a strike for the dismissal of his complaint in *Denton v. Garcia* because the "case as a whole" was not dismissed for a qualifying reason.

**CONCLUSION**

Accordingly,

1.      The court declines to adopt the findings and recommendations issued on November 17, 2020, (Doc. No. 24);

2.      Defendants' motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 22) is denied;

3.      The March 15, 2019 order granting plaintiff's application to proceed *in forma pauperis* (Doc. No. 5) remains in effect; and

4.      This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **May 3, 2021**                    _____
                                            UNITED STATES DISTRICT JUDGE