UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>    Plaintiff,<br><br>v.<br><br>S. BIBB, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00316-DAD-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL<br><br>(ECF. Nos. 57, 59, 60, & 61) |

### I. INTRODUCTION

Raymond Denton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is proceeding on Plaintiff's claim against defendants S. Bibb,[1] Lieutenant J. Anderson, Lieutenant T. Costa, and Associate Warden R. Chavez for retaliation in violation of the First Amendment. (ECF Nos. 11 & 16). Plaintiff alleges that these defendants retaliated against him for filing grievances. (ECF No. 9).

On June 3, 2022, Plaintiff filed four motions to compel answers to his requests for admission. (ECF Nos. 57, 59, 60, & 61). Each motion is directed at a different defendant. (Id.). In his motion to compel directed at defendant Bibb, Plaintiff alleges that defendant Bibb

---

[1] While Plaintiff refers to defendant "Bibbs," according to Defendants, the proper spelling is "Bibb" (see, e.g., ECF No. 34 p. 1).

never responded to his requests for admission. (ECF No. 57). In the remaining motions, Plaintiff argues that defendants Costa, Anderson, and Chavez objected to the vast majority of his requests for admission for improper reasons, and he asks the Court to compel them to answer those requests. (ECF Nos. 59, 60, & 61).

On June 20, 2022, Defendants filed their opposition to Plaintiff's motions. (ECF No. 62). Defendants' only argument is that Plaintiff's motions should be denied because Plaintiff filed them after the motion to compel deadline without asking the Court to extend the deadline.

For the reasons that follow, the Court will grant in part and deny in part Plaintiff's motions to compel defendants Costa, Anderson, and Chavez to serve answers to the requests for admission that they objected to.

As to Plaintiff's motion to compel against defendant Bibb, as defendant Bibb did not respond or object to the requests for admission, the matters are admitted, Fed. R. Civ. P. 36(a)(3). Thus, the Court will grant the motion to the extent that it will deem the requests for admission to be admitted for use as evidence in these proceedings, including at trial. It will deny the motion to the extent the motion seeks additional responses from defendant Bibb.

## II. LEGAL STANDARDS

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

"If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4).

"The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

"District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

**III.    ANALYSIS**

The Court has reviewed Plaintiff's requests for admission and finds that they are generally relevant. The Court also finds that many of the objections made by defendants Costa, Anderson, and Chavez are not justified. However, the Court also finds that Defendants' objection to certain requests that the request calls for a legal opinion are at times justified, and the Court will not require defendant Costa, defendant Anderson, or defendant Chavez to respond to certain requests.

     a.   Plaintiff's Requests For Admission are Relevant

In his requests for admission, Plaintiff asks defendant Costa, defendant Anderson, and defendant Chavez to admit to statements that are relevant to the claims in this case. For example, in Request for Admission No. 5 to defendant Costa, Plaintiff asks defendant Costa to "[a]dmit that the Dept. (CDCR) has provided you with training on how to classify disciplinary

reports pursuant to Title 15 § 3313(a) and how to implement the progressive discipline steps pursuant to Title 15 § 3312(a)(1)-(3) when dealing with inmate misconduct[.]"[2] In Request for Admission No. 19 to defendant Chavez, Plaintiff asks defendant Chavez to "[a]dmit that on January 23, 2018 the Facility B Classification Committee violated the MAC Constitution and By-Laws Section 11.6 and Title 15 § 3230(b)(2) when the Committee removed Plaintiff from his position as MAC Chairman because Failure to respond to notices, Misuse of State Property and Possession of Contraband (Altered Pants) are not serious offenses listed under Title 15 § 3315." (ECF No. 61, p. 12) (errors in original)

In this action, Plaintiff alleges that defendant Anderson, the Lieutenant responsible for the classification of Rules Violation Reports, retaliated against Plaintiff by unlawfully classifying a disciplinary report as serious in violation of Title 15. Plaintiff also alleges that defendant Costa, a Lieutenant responsible for conducting disciplinary hearings for inmates accused of breaking prison rules, retaliated against Plaintiff by refusing to reduce the classification of the disciplinary report to a counseling chrono. Plaintiff also alleges that defendant Chavez, the Chief Disciplinary Officer and Men's Advisory Council ("MAC") Coordinator, failed to reduce the serious classification of the disciplinary report and failed to reinstate Plaintiff as the Facility B MAC Chairman. Given these allegations, these defendants' understanding of whether they complied with applicable regulations in Plaintiff's disciplinary proceedings is relevant to determining whether they retaliated against Plaintiff by intentionally misclassifying (or refusing to re-classify) a disciplinary report or by refusing to reinstate Plaintiff as the Facility B MAC Chairman. Accordingly, the above listed requests, as well as similar requests, are relevant.

### b. Defendants' Opposition

In their opposition to Plaintiff's motions, Defendants' only argument is that Plaintiff's motions to compel, which were filed on June 6, 2022,[3] were untimely because Plaintiff had a

---

[2] The Court notes that Plaintiff makes a similar request to defendant Anderson. (ECF No. 60, p. 4).
[3] While the Court docketed the motions on June 6, 2022, as noted by the stamps on the motions, the Court received them on June 3, 2022 (see, e.g., ECF No. 57, p. 1).

deadline of April 22, 2022, to file his motions, and he never requested an extension of time to file them.  (ECF No. 62, p. 1).  However, Plaintiff did in fact file a motion for an extension of time to file motions to compel (ECF No. 53), and his motion was granted (ECF No. 54).  The Court gave Plaintiff until May 31, 2022, to file motions to compel (id.), and Plaintiff's motions are dated May 30, 2022 (see, e.g., ECF No. 61, p. 1).[4]  Thus, Plaintiff's motions were timely filed.[5]

The Court notes that, in their opposition, Defendants also state that they "will provide supplemental briefing regarding the merits of Plaintiff's motions to compel," if "requested so by the Court."  (ECF No. 62, p. 1 n.1).  Oppositions are governed by Local Rule 230(l), which provides that "[o]pposition, if any, to the granting of [a] motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion." Defendants chose not to respond to the substance of Plaintiff's motions in their opposition, and they have provided no legal basis for getting a second opportunity to do so.

Nevertheless, the Court has also reviewed Defendants' objections to the requests and only compels responses where the objections are not valid.

### c. Review of Defendants' Objections to Requests

The Court has reviewed Defendants' objections and addresses certain objections below.

Defendant Costa, defendant Anderson, and defendant Chavez repeatedly object to requests for admission based on relevance.  However, as discussed above, the requests listed above, as well as the other requests made by Plaintiff, appear to be relevant to the claims proceeding in this case.  Thus, Defendants' relevance objections are not justified.

Turning to another asserted objection, in Request for Admission No. 7, Plaintiff asks defendant Chavez to admit that "on October 30, 2017, Inmate T. Saindon of the Men's Advisory Council filed a Group appeal against Defendant S. Bibb regarding her failure to

---

[4] The Court did not receive the motions until June 3, 2022.  However, as Plaintiff is an inmate proceeding *pro se* inmate, he is entitled to application of the mailbox rule.  See, e.g., Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

[5] Defendants also argue that Plaintiff failed to meet and confer with Defendants (ECF No. 62, pgs. 1-2), but the Court never required Plaintiff to do so.  (See ECF No. 48).  Moreover, the Court appreciates the difficulties *pro se* prisoner litigants face in meeting and conferring in a meaningful way.

process inmates through the main yard gate and you granted the appeal….." (ECF No. 61, p. 5). Defendant Chavez objects to the request as argumentative and because it misstates facts. (Id.). However, defendant Chavez provides no explanation as to why, if the facts are misstated, he did not simply answer with a denial.[6]

Defendants also object to certain requests as improperly calling for a legal opinion. "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Accordingly, Plaintiff may ask a defendant how that defendant understands the law to apply to the relevant facts in his case, but he may not ask a defendant to admit what the law says in the abstract. See, e.g., Davis v. Buckley, 2013 WL 12114581, at *2 (D. Ariz. June 11, 2013) ("[The] RFA asks each of the Defendants to '[a]dmit that you did not observe any exigent circumstances before you entered the home of the plaintiff on December 30, 2010.' Defendant Buckley responded that he could 'neither admit or deny' this request. Although this RFA calls for a legal conclusion, it is one that is related to the facts of the case and involves a legal determination that is typically within the knowledge of a trained police officer. As such, Defendant Buckley must supplement his response by admitting or denying this RFA.") (second alteration in original); Taylor v. County of Calaveras, 2019 WL 6341131, at *5 (E.D. Cal. Nov. 27, 2019) ("Request for Admission No. 53 [] seeks a legal conclusion, *i.e.* whether the Deputy Defendants had probable cause to arrest Plaintiff Michael Scott Taylor for a violation of California Penal Code § 246.3. This request … is [] tied to the specific facts of the case and involves a legal determination that is typically within the knowledge of a trained police officer. The request is not an abstract, pure legal conclusion, but instead addresses the underlying facts regarding the existence of probable cause, which is an appropriate use of a request for admission."); Ballew v. City of Pasadena, 2019 WL 9341338,

---

[6] The Court notes that if defendant Chavez believes that only some of the facts alleged in this request are accurate, defendant Chavez may admit this request in part and deny this request in part. Fed. R. Civ. P. 36(a)(4) ("A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.").

at *3 (C.D. Cal. June 10, 2019) (finding that the requests for admission, "which are clearly related to the facts of the case, are proper under Rule 36," where "the disputed RFAs [did] not seek a response to an abstract legal question; rather, they [sought] only the entity defendants' contentions as to whether their employees, the individual defendants, violated any policies of the PPD"). But see Tracchia v. Tilton, 2008 WL 5382253, at *2-3 (E.D. Cal. Dec. 22, 2008) ("[R]equests for admission should not be used to demand that the other party admit the truth of a legal conclusion," finding the plaintiff's requests improper because "they ask defendants to admit what the regulations or the provisions of the operations manual permit or require") (citation and internal quotation marks omitted).

Here, some of Plaintiff's requests for admission improperly call for abstract legal conclusions. For example, in Request for Admission No. 3 to both defendant Anderson and defendant Costa, while phrased slightly differently, Plaintiff asks them to admit that "Title 15 § 3312(a)(1)-(3) is the established rule of the Dept. that outlines progressive discipline and mandates that inmate misconduct be handled by: (1) Verbal Counseling (2) Counseling Only Rules Violation Report, and (3) Rules Violation Report." (ECF No. 60, p. 3). Similarly, in Request for Admission No. 6 to defendant Chavez, Plaintiff asks defendant Chavez to admit that "Title 15 § 3230(b)(2) is the established Regulation of the Dept. (CDCR) for dealing with disciplinary infractions for Inmate Advisory Counsel [sic] Members and states that a disciplinary infraction shall not bar an inmate from serving on the council unless the infraction is determined by the Warden to be detrimental to the Council's effectivness [sic]." (ECF No. 61, p. 5). In these and similar requests, Plaintiff asks the defendants to admit what the law states in the abstract, and as discussed above, this is improper. Accordingly, the Court will not require defendant Costa, defendant Anderson, or defendant Chavez to respond to these or similar requests.

However, Plaintiff also asks defendant Costa, defendant Anderson, and defendant Chavez about the application of law to fact. For example, in Request for Admission No. 19 to defendant Chavez, Plaintiff asks defendant Chavez to "[a]dmit that on January 23, 2018 the Facility B Classification Committee violated the MAC Constitution and By-Laws Section 11.6

and Title 15 § 3230(b)(2) when the Committee removed Plaintiff from his position as MAC Chairman because Failure to respond to notices, Misuse of State Property and Possession of Contraband (Altered Pants) are not serious offenses listed under Title 15 § 3315." As Plaintiff is asking about the application of law to fact, the Court finds that the objections to this and similar requests are not justified.[7]

Finally, defendant Anderson objects to Request for Admission No. 9, in part because it is "vague and ambiguous." (ECF No. 60, p. 6). This request states, "[a]dmit that since delaying a peace officer in the performance of duties is not listed under Title 15 § 3315 as a serious offence, you were required to find that plaintiff has a repeated pattern of administrative rule violation for that same offense pursuant to Title 15 § 3315{a)(3)(M)[.]"). (Id. at 5) (errors in original). The Court agrees that this request is vague and ambiguous, and thus will not require defendant Anderson to serve an answer to it.

### d. Motion to Compel Against Defendant Bibb

The analysis is different as to the motion to compel filed against defendant Bibb. "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3). Here, defendant Bibb had forty-five days to respond (ECF No. 48, p. 3), Plaintiff alleges that defendant Bibb did not respond, and she does not allege that she did not receive the requests for admission or that she served a response to the requests. As defendant Bibb did not respond within the timeframe set by the Court, the matters are admitted.[8]

---

[7] Defendants also object to Plaintiff's requests for admission related to their understanding of the applicable rules and regulations because they are not clear as to time. (See, e.g., ECF No. 59, pgs. 6-7; ECF No. 61, pgs. 7 & 9). Given the allegations in Plaintiff's *pro se* complaint, it appears that Plaintiff is asking about Defendants' understanding of the applicable rules and regulations that were in place at the time of the incidents in the complaint. Thus, the Court will require defendant Costa, defendant Anderson, and defendant Chavez to respond only as to their understanding of the rules and regulations that were in place during the incidents alleged in the complaint.

[8] The Court notes that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motions to compel directed at defendants Costa, Anderson, and Chavez (ECF Nos. 59, 60, & 61) are granted and denied in part;[9]
2. Defendant Costa has thirty days from the date of service of this order to serve answers to Request for Admissions, Set One, Nos. 2, 5, 8, 11, 12, 13, and 14 without further objection;
3. Defendant Anderson has thirty days from the date of service of this order to serve answers to Request for Admissions, Set One, Nos. 2, 5, 6, 10, 11, 12, 13, and 14 without further objection;
4. Defendant Chavez has thirty days from the date of service of this order to serve answers to Request for Admissions, Set One, Nos. 1, 2, 3, 7, 8, 9, 10, 11, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, and 25 without further objection; and
5. Plaintiff's requests for admission as to defendant Bibb are deemed admitted (ECF No. 57).

IT IS SO ORDERED.

Dated: **July 21, 2022**                              /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

---

persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

[9] As noted above, as to Plaintiff's requests for admission related to applicable rules and regulations, the Court is requiring defendant Costa, defendant Anderson, and defendant Chavez to respond as to their understanding of the relevant rules and regulations that were in place during the incidents alleged in the complaint.