UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>         Plaintiff,<br><br>  v.<br><br>S. BIBB, et al.,<br><br>         Defendants. | Case No. 1:19-cv-00316-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 72) |

Raymond Denton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 6, 2022, Plaintiff filed a motion to modify the scheduling order. (ECF No. 72). In particular, Plaintiff asks the Court to extend the non-expert discovery deadline and the dispositive motion deadline to October 18, 2022. Plaintiff states that he is housed in an institution that has 3,233 inmates on four facilities, and the law library only has two free staff workers (compared to four when Plaintiff arrived in 2016). Additionally, Plaintiff is employed as an ADA Caregiver. Finally, since the COVID pandemic, which is still going strong, inmates are basically confined to their own facility and housing unit. However, since the Court "Published" Plaintiff's case, Plaintiff has received support from inmates housed on all institutions. On August 27, 2022, Plaintiff received information that two other inmates were also unlawfully removed from the Men's Advisory Council ("MAC"). Plaintiff needs time to investigate and speak with one of

1

these inmates to see how many other MAC members were retaliated against and fired from their duly elected positions.

Plaintiff's motion will be denied. As to Plaintiff's request for an extension of the non-expert discovery deadline, this deadline ran on July 15, 2022. On August 18, 2022, Plaintiff requested an extension of this deadline, but his request was denied. (ECF No. 69). While Plaintiff now alleges that the deadline should be extended because he recently received information about the unlawful removal of two other inmates from the MAC, Plaintiff's motion does not list any particular discovery that Plaintiff wants to take. It does not appear that these other inmates have information directly relevant to the incidents described in Plaintiff's complaint. Plaintiff states that he wants to "investigate" and speak with an inmate to see how many other MAC members were retaliated against and fired from their duly elected positions, but Plaintiff does not need an extension of the non-expert discovery deadline to conduct his own investigation or to speak with other inmates.[1]

As to Plaintiff's request that the dispositive motion deadline be extended to October 18, 2022, the Court already extended the dispositive motion deadline to October 18, 2022 (ECF No. 67). Therefore, this request will also be denied.

Accordingly, IT IS ORDERED that Plaintiff's motion to modify the scheduling order (ECF No. 72) is DENIED.

IT IS SO ORDERED.

Dated:   **September 9, 2022**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that if Plaintiff finds, or has found, additional witnesses that he wants to call at trial, he should file an updated Scheduling and Discovery Statement to include the names of those witnesses. Additionally, if Plaintiff finds, or has found, additional categories of documents that he wants to use at trial, he should file an updated Scheduling and Discovery Statement to include those categories. The Court makes no ruling whether such additional information would be admissible in this case, and Defendants may assert any objections to the use of any such evidence.