UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>     Plaintiff,<br><br>     v.<br><br>S. BIBB, et al.,<br><br>     Defendants. | Case No. 1:19-cv-00316-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS COMPLAINT BE DENIED<br><br>(ECF No. 75)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Raymond Denton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's claim against defendants S. Bibb,[1] Lieutenant J. Anderson, Lieutenant T. Costa, and Associate Warden R. Chavez for retaliation in violation of the First Amendment.  (ECF Nos. 11 & 16).  Plaintiff alleges that these defendants retaliated against him for filing grievances.  (ECF No. 9).

On October 3, 2022, Plaintiff filed a motion for leave to supplement his complaint, along with the proposed supplement.  (ECF No. 75).  On October 7, 2022, Defendants filed an opposition.  (ECF No. 76).  For the reasons that follow, the Court will recommend that Plaintiff's motion be denied without prejudice to Plaintiff asserting these claims in a separate

\\\

---

[1] While Plaintiff refers to defendant "Bibbs," according to Defendants, the proper spelling is "Bibb" (see, e.g., ECF No. 34 p. 1).

1

lawsuit.[2]

## I. PLAINTIFF'S MOTION

On October 3, 2022, Plaintiff filed a motion for leave to supplement his complaint. (ECF No. 75).  In his motion, Plaintiff asks to supplement his complaint because additional events occurred after he filed his First Amendment Complaint.  Plaintiff alleges that the claims are sufficiently related to the issue of retaliation that is already before the Court.  According to Plaintiff, correctional supervisors have repeatedly filed falsely classified disciplinary reports to have Plaintiff removed from the Men's Advisory Council in retaliation for his use of the inmate appeals process.

Plaintiff also argues that allowing him to supplement his complaint would not prejudice any party, would not cause undue delay, that it is in the interests of justice that all issues between the parties be litigated in a single action, and that the Court cannot resolve the issues before it without consideration of the new facts.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(d) provides for supplemental pleadings as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

The Ninth Circuit has provided the following guidance on ruling on motions to supplement a complaint:

> Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. Fed.R.Civ.P. 15, advisory committee's note. The rule is a tool of judicial economy and convenience. Its use is therefore favored. As Judge Haynsworth observed more than two decades ago:
>
>> Rule 15(d) of the Federal Rules of Civil Procedure provides for ... supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one

---

[2] The Court takes no position on the merits of the claims included in Plaintiff's proposed supplement.

2

> action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Casualty Co. v. Waller,* 323 F.2d 20, 28–29 (4th Cir.1963), *cert. denied,* 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964).

. . .

> … The absence of a transactional test, which is an integral part of other Federal Rules of Civil Procedure, *see, e.g.*, Fed.R.Civ.P. 13(a), 14(a), and 20, is a strong indication that this test is not required. Further, Rule 15(d) specifically permits supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." This textually negates the argument that a transactional test is required. While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction. Professor Moore has explained the principle succinctly:
>
>> While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches.

3 J. Moore, *Moore's Federal Practice* ¶ 15.16[3] (1985).

. . .

> Lower courts have similarly stressed the trial court's discretion in deciding whether to allow a supplemental pleading, and liberally construe Rule 15(d) absent a showing of prejudice to the defendant.

Keith v. Volpe, 858 F.2d 467, 473-75 (9th Cir. 1988).  See also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.  668 F.2d 1014, 1057 (9th Cir. 1981) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.").

### III.    ANALYSIS

As discussed above, Federal Rule of Civil Procedure 15(d) is a tool of judicial economy

3

and convenience, and the Court finds that these interests would not be served by allowing Plaintiff to supplement his complaint here.

This case is proceeding on Plaintiff's claim against defendants S. Bibb, Lieutenant J. Anderson, Lieutenant T. Costa, and Associate Warden R. Chavez for retaliation in violation of the First Amendment. (ECF Nos. 11 & 16). Plaintiff alleges that these defendants retaliated against him for filing grievances. (ECF No. 9). The alleged retaliatory acts occurred in late 2017 and early 2018, and allegedly occurred because Plaintiff had previously filed a grievance against defendant Bibb. (Id.).

In his motion, Plaintiff does not provide a summary of the claims and defendants he is attempting to add. Nevertheless, the Court has reviewed Plaintiff's proposed supplement, and Plaintiff appears to be attempting to add claims against defendants Fisher, Torres, Welch, and Santoya. No claims are currently proceeding against any of these individuals.

There are some similar allegations in Plaintiff's First Amended Complaint and the proposed supplement. In both his complaint and his supplement, Plaintiff alleges that the defendants retaliated against him for filing grievances, that disciplinary report(s) were misclassified, and that at least some Defendants attempted to have Plaintiff removed from the Men's Advisory Council. However, in his proposed supplement Plaintiff is attempting to add claims based on entirely different incidents. In his supplement, Plaintiff appears to allege that the retaliation occurred in 2021 because of a grievance he filed against correctional officer Baslor in 2020. (See, e.g., ECF No. 75, p. 2). There are no allegations suggesting that any of the defendants Plaintiff is attempting to add retaliated against Plaintiff because of the grievance Plaintiff filed against defendant Bibb.

Thus, Plaintiff is attempting to add new claims based on new incidents against new defendants, and the supplement is not necessary (or helpful) for a complete adjudication of the dispute between the current parties.

Moreover, this case is over three-and-a-half years old. Non-expert discovery has closed, the motion to compel deadline has run, and the dispositive motion deadline is

\\\

4

October 18, 2022.³ (ECF Nos. 48, 52, 54, & 67). If the Court were to grant Plaintiff's motion, new defendants would need to be served and given time to appear, and the parties would need to be allowed to conduct discovery on the new claims because they involve entirely different transactions than the claim that is currently proceeding. This would likely significantly delay resolution of the claim that is currently proceeding. This significant delay, along with the reopening of discovery, would cause at least some prejudice to the current defendants. See, e.g., ECF No. 76, pgs. 5-6 ("And by failing to move earlier to supplement his complaint, Plaintiff will effectively force Defendants conduct more discovery that they could have completed within the time allotted had Plaintiff timely moved. Defendants will incur additional costs, bear disruption to their pressing duties as prison officials, and wait longer to resolve this case just so that Plaintiff can litigate an issue that Defendants had no role in. The circumstances reasonably guarantee prejudice to Defendants should the Court grant Plaintiff's requested leave.").

Based on the foregoing, the Court finds that judicial economy and convenience would not be served by allowing Plaintiff to supplement his complaint. Accordingly, the Court will recommend that Plaintiff's motion be denied, without prejudice to Plaintiff asserting the proposed claims in a separate lawsuit.

**IV.     RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for leave to supplement his complaint be DENIED, without prejudice to Plaintiff asserting the proposed claims in a separate lawsuit.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

---

³ The Court notes that, in extending the dispositive motion deadline, it ordered that "[n]o other extensions to this deadline will be given absent extraordinary circumstances." (ECF No. 67, p. 2).

served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2022**                                /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE