UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>        Plaintiff,<br><br>    v.<br><br>S. BIBB, et al.,<br><br>        Defendants. | Case No. 1:19-cv-00316-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS NEEDED FOR RESPONSE TO SUMMARY JUDGMENT<br><br>(ECF No. 84) |

Raymond Denton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's claim against defendants S. Bibb,[1] Lieutenant J. Anderson, Lieutenant T. Costa, and Associate Warden R. Chavez for retaliation in violation of the First Amendment. (ECF Nos. 11 & 16). Plaintiff alleges that these defendants retaliated against him for filing grievances. (ECF No. 9).

Before the Court is Plaintiff's sixth motion to compel. (ECF No. 84). For the reasons described below, it will be denied as untimely.

**I.  BACKGROUND**

On September 6, 2022, Plaintiff filed his fifth motion to compel. (ECF No. 71). Plaintiff asked the Court to compel production of documents, including documents responsive

---

[1] While Plaintiff refers to defendant "Bibbs," according to Defendants, the proper spelling is "Bibb" (see, e.g., ECF No. 34 p. 1).

1

to Request No. 1, in which he requested "[a]ny and all grievances, staff misconduct complaints, appeals or other documents received by Valley State Prison employees or their agents concerning retaliation or any mistreatment of inmates by Defendants Bibb, Anderson, Costa or Chavez and any memoranda, investigative files or other documents created in response to such complaints since the Defendants have been employed for the Calif. Dept. of Corrections." (Id. at 20) (errors in original). Defendants objected on several grounds but provided appeal(s) filed by Plaintiff relevant to the claims of this case. (Id.). Plaintiff also moved to compel as to Request No. 9, in which Plaintiff asked for "any and all disciplinary reports issued to inmates at Valley State Prison for failure to respond to notices." (Id. at 2). Defendants objected to this request on several grounds and did not produce any documents. (Id. at 23).

Plaintiff's fifth motion to compel was denied as untimely. (ECF No. 73). The Court originally set April 22, 2022, as the deadline for filing motions to compel. (ECF No. 48). On May 5, 2022, Plaintiff filed a request to extend the deadline for filing motions to compel until May 31, 2022. (ECF No. 53). Plaintiff's request was granted (ECF No. 54), and Plaintiff timely filed four motions to compel (see ECF No. 63, pgs. 4-5). On August 18, 2022, over two months after the extended motion to compel deadline, Plaintiff filed another motion for an extension of the motion to compel deadline. (ECF No. 68). Plaintiff's motion was denied because Plaintiff provided no explanation as to why the Court should further extend the motion to compel deadline. (ECF No. 69). Thus, Plaintiff's motion to compel, which was filed on September 6, 2022, was denied as untimely. (ECF No. 73).

## II.   PLAINTIFF'S SIXTH MOTION TO COMPEL

On November 30, 2022, Plaintiff filed his sixth motion to compel. (ECF No. 84). In the motion, Plaintiff once again moves to compel production of documents in response to Request No. 1 as to defendant Costa. Plaintiff also once again moves to compel production of documents in response to Request No. 9.

Plaintiff alleges that he recently discovered that defendant Costa was named as a defendant in another retaliation lawsuit. Plaintiff argues that defendant Costa "violated discovery and failed to disclose the requested information." (Id. at 1). Plaintiff asks for

production of the appeal, the amended complaint, and the settlement agreement from the other lawsuit. Plaintiff states that he needs these documents to oppose Defendants' motion for summary judgment. Plaintiff intends to use the information to show that Defendants engaged in a pattern and practice of retaliation against inmates in violation of the First Amendment. The information will also aid Plaintiff in obtaining affidavits and evidence needed to locate witnesses. Plaintiff argues that Defendants cannot claim prejudice because they failed to produce the discovery documents.

### III.  ANALYSIS

The Court already addressed Plaintiff's motion to compel production of documents in response to the requests No. 1 and 9, and the Court denied the motion as untimely. Plaintiff has not provided any reason for the Court to reconsider its prior order. Accordingly, Plaintiff's sixth motion to compel will be denied.

When setting the schedule for this case, the Court set a motion to compel deadline, a non-expert discovery cutoff, and a dispositive motion deadline. (ECF No. 48). Plaintiff was thus on notice that Defendants might file a motion for summary judgment, and Plaintiff was provided an opportunity to seek relevant factual information. And, he took advantage of that opportunity. Plaintiff filed discovery requests and motions to compel. Additionally, some of Plaintiff's motions to compel were granted in part, and the Court directed defendants Costa, Anderson, and Chavez to respond to numerous requests for admission, and the requests for admission sent to defendant Bibbs were deemed admitted. (ECF No. 63). However, Plaintiff's fifth motion to compel was untimely, and Plaintiff did not adequately explain why he should be given more time. The fact that Defendants subsequently filed a motion for summary judgment does not, in and of itself, provide a reason for the Court to allow Plaintiff to file an untimely motion to compel.

Additionally, the fact that Plaintiff "discovered" that responsive documents exist is not a reason to reopen discovery here. There is no evidence that Defendants engaged in any discovery misconduct. Defendants never told Plaintiff that they were providing all responsive documents or that no responsive documents existed. Instead, they largely objected, and

Plaintiff's subsequent motion to compel was denied as untimely.

Moreover, Plaintiff does not ask for, nor provide a reason, for the Court to reconsider its prior order under Federal Rule of Civil Procedure 60.  In fact, Plaintiff fails to mention that he already moved to compel as to these requests and that his motion was denied.

Finally, Plaintiff has failed to show that he cannot present facts that are essential to justify his opposition.  And even if he had, Plaintiff already had the opportunity to seek such facts.

Accordingly, the Court will deny Plaintiff's sixth motion to compel as untimely.

**IV.   ORDER**

Based on the foregoing, IT IS ORDERED that Plaintiff's motion to compel (ECF No. 84) is DENIED as untimely.

IT IS SO ORDERED.

Dated:   **December 1, 2022**                     /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE