UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>            Plaintiff,<br><br>    v.<br><br>S. BIBB, et al.,<br><br>            Defendants. | No. 1:19-cv-00316-ADA-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 75, 77)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT |

Raymond Denton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 3, 2022, Plaintiff filed a motion for leave to supplement his complaint, along with the proposed supplement.  (ECF No. 75).  On October 13, 2022, the assigned Magistrate Judge entered findings and recommendations, recommending "that Plaintiff's motion for leave to supplement his complaint be DENIED, without prejudice to Plaintiff asserting the proposed claims in a separate lawsuit."  (ECF No. 77 at 5.)

The parties were provided an opportunity to file objections to the findings and recommendations.  On October 26, 2022, Plaintiff filed his objections.  (ECF No. 81).  Defendants did not object or respond to Plaintiff's objections.

///

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, Plaintiff argues five reasons as to why the Court should grant his motion for leave to supplement his complaint. (ECF No. 81 at 3.) First, Plaintiff contends that both complaints are based on unlawful retaliation. (*Id.*) Second, Plaintiff asserts that retaliation occurred because of the complaints and appeals that he had filed. (*Id.*) Third, Plaintiff explains that both complaints contain disciplinary reports that were allegedly incorrectly classified. (*Id.*) Fourth, Plaintiff believes that he had been terminated from his position in the Men's Advisory Council due to the allegedly false disciplinary reports. (*Id.*) Lastly, Plaintiff argues that his supervisors failed to prevent Plaintiff's unlawful termination or reinstate him after receiving notice of his alleged termination. (*Id.*)

The Court disagrees with Plaintiff's reasoning and finds that no relationship exists suggesting that any of the defendants Plaintiff is attempting to add retaliated against him because of the grievance he had filed against defendant Bibb. *See* Fed. R. Civ. P. 15(d). In addition to a lack of a relationship to the existing allegations and claims, the supplemental pleading would prejudice the defendants. As mentioned in the findings and recommendation, this case is over three-and-a-half years old, and non-expert discovery has closed. (ECF No. 77 at 4.) If the Court were to grant Plaintiff's motion, new defendants would need to be served and given time to appear, and discovery must be re-opened. (*Id.* at 5.) This significant delay in the proceeding would cause at least some prejudice to the current defendants. (*Id.*) Therefore, the Court agrees with the Magistrate Judge that allowing Plaintiff to supplement his complaint would not serve judicial economy and convenience.

///

///

///

///

///

Accordingly:

1. The findings and recommendations issued on October 13, 2022, (ECF No. 77), are adopted in full; and

2. Plaintiff's motion for leave to supplement his complaint, (ECF No. 75), is DENIED, without prejudice to Plaintiff asserting the proposed claims in a separate lawsuit.

IT IS SO ORDERED.

Dated:    December 5, 2022

UNITED STATES DISTRICT JUDGE

3