UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. BIBBS, et al.,[1]<br><br>　　　　　Defendants. | No.  1:19-cv-00316-ADA-EPG (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 87) |

**I.**

**Factual and Procedural Background**

Plaintiff Raymond Denton is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 18, 2021, the Magistrate Judge issued the scheduling order in this matter. (ECF No. 48.)  That order set several deadlines, including a deadline of April 22, 2022 for parties to file motions to compel.  (*Id.* at 1.)  On May 5, 2022, after that deadline passed, Plaintiff filed a motion for extension of time to file motions to compel.  (ECF No. 53.)  Noting that Plaintiff had not yet received admission responses from Defendant Bibb, and that Plaintiff had to devote his

---

[1] While Plaintiff refers to Defendant "Bibbs," according to Defendants, the proper spelling is "Bibb."  (*See, e.g.*, ECF No. 34 at 1.)  The Court will refer to Defendant Bibb using the proper spelling throughout the remainder of this order.

1

1  efforts to preparing for an upcoming parole hearing, the Magistrate Judge granted the request and
2  extended the deadline to file motions to compel until May 31, 2022.  (ECF No. 54.)
3  Subsequently, on June 3, 2022, the Magistrate Judge received four timely motions to compel from
4  Plaintiff.  (ECF Nos. 57–61.)

5      On August 18, 2022, over two months after the deadline to file motions to compel had
6  passed, Plaintiff filed another motion for extension of time to file motions to compel.  (ECF No.
7  68.)  The Magistrate Judge denied the motion because "Plaintiff provide[d] no explanation as to
8  why the Court should grant a second extension" after it had already granted one extension.  (ECF
9  No. 69 at 2.)  Nevertheless, on September 6, 2022, Plaintiff filed a fifth motion to compel.  (ECF
10 No. 72.)  The Magistrate Judge denied the motion because "Plaintiff provided no explanation as
11 to why the Court should further extend the motion to compel deadline."  (ECF No. 73.)  Over two
12 months later, on November 30, 2022, Plaintiff filed a sixth motion to compel, which is the filing
13 at issue in this order.  (ECF No. 84.)  In his motion, Plaintiff argued that, on October 15, 2022, he
14 learned about a separate retaliation suit against Defendant Costa filed in 2021.  (*Id.* at 1.)
15 Defendants' failure to turn over documents related to that case, Plaintiff contends, violated
16 discovery.  (*Id.*)  Plaintiff also stated that "Defendants failed to produce any and all disciplinary
17 reports issued to inmates at Valley State Prison for failure to respond to notices."  (*Id.* at 2.)
18 Plaintiff posited that this information was necessary for him to oppose Defendants' motion for
19 summary judgment.  (*Id.* at 3.)  Again, the Magistrate Judge denied the motion because "Plaintiff
20 [had] not provided any reason for the Court to reconsider its prior order" denying an extension of
21 time.  (ECF No. 85 at 3.)  Moreover, there was no evidence that Defendants had engaged in
22 discovery misconduct or that Plaintiff was unable to present facts to justify an opposition to a
23 motion for summary judgment.  (*Id.* at 3–4.)

24     On December 15, 2022, Plaintiff filed "Objections to Magistrate Judge's Findings and
25 Recommendations," which the Court construes as a motion for reconsideration.  (ECF No. 87.)[2]

---

[2] On the docket, Plaintiff's "Objections" cite to ECF No. 77, which is the Magistrate Judge's findings and recommendations regarding Plaintiff's motion for leave to supplement his complaint.  This appears to be an error.  As discussed throughout this order, the text of Plaintiff's "Objections" refers to his November 30, 2022 motion to compel.  (ECF No. 87 at 1.)  That motion is filed under ECF No. 84.

## II.

## Legal Standard

A district court will not set aside a magistrate judge's order on a non-dispositive matter unless that order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 303(f). The "clearly erroneous" standard applies to a magistrate judge's factual determinations and discretionary decisions. *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). A matter is clearly erroneous when "the district court is left with the definite and firm conviction that a mistake has been made." *Id.* (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). The "contrary to law" standard, on the other hand, applies to legal determinations. *Id.* An order is contrary to law "if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS (PC), 2014 WL 3563312, at *1 (E.D. Cal. Jul. 18, 2014). Magistrate judge orders addressing discovery motions are the type of non-dispositive matters subject to the clearly erroneous or contrary to law standard of review. *Rockwell Int'l, Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). Additionally, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). "District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Such discretion includes the enforcement of scheduling orders. *Stiles v. Walmart, Inc.*, No. 2:14-cv-02234-DAD-DMC, 2023 WL 1110438, at *2 (E.D. Cal. Jan. 30, 2023).

## III.

## Discussion

Because Plaintiff filed his motion six months late, his filing impliedly includes a request to modify the scheduling order. The scheduling order in a case "controls the course of the action"

unless the court modifies it.  Fed. R. Civ. P. 16(d).  Orders entered before the final pretrial conference may be modified only upon a showing of "good cause."  *Id.* 16(b)(4); *Johnson*, 975 F.2d at 608.  This good cause standard primarily considers the diligence of the party seeking the amendment.  *Johnson¸* 975 F.2d at 609.  If the moving party was not diligent, the court's inquiry should end.  *Id.*  To demonstrate diligence, a party should show "(1) that it helped the court to create a workable scheduling order, (2) that it cannot comply with the scheduling order's deadlines due to matters that were reasonably unforeseeable at the time the scheduling order issued, and (3) that it was diligent in seeking amendment of the order once it became clear that it could not comply."  *Lara v. Sutter Davis Hosp.*, No. CIV. 2:12-2407 WBS GGH, 2014 WL 28817, at *1 (E.D. Cal. Jan. 2, 2014).

        The Magistrate Judge's denial of Plaintiff's implied motion to modify the scheduling order was not clearly erroneous, and Plaintiff's objections provide no grounds to find otherwise.  In fact, rather than respond to the Magistrate Judge's analysis of the untimeliness of his motion, Plaintiff's objections largely reiterate the arguments he made in his original motion to compel.  Neither filing demonstrates good cause.  For example, the fact that Plaintiff recently learned of another case involving one of the Defendants in this case is not evidence of diligence.  As Plaintiff's objections show, the complaint in that other case was originally filed on November 3, 2020, over two years before Plaintiff says he learned of it.  (ECF No. 87 at 7.)  Similarly, Plaintiff fails to explain how he acted with diligence in seeking to compel documents regarding disciplinary reports issued to inmates for failure to respond to notices.  (*See id.* at 3.)  Plaintiff does seek documents from a Rules Violation Report adjudication that occurred in July 2022, after the deadline for motions to compel had passed.  (*Id.* at 2–3.)  Nevertheless, he does not detail exactly when he learned of this information or his diligence in seeking to amend the discovery order to file a motion to compel.  Finally, Plaintiff's basis for filing the motion was to compel information to assist him in responding to Defendants' motion for summary judgment.  (ECF No. 84 at 3.)  Nevertheless, as the Magistrate Judge noted in the order denying the motion to compel as untimely, "Plaintiff has failed to show that he cannot present facts that are essential to justify his opposition."  (ECF No. 85 at 4.)  Plaintiff's objections do not elaborate on this point.

4

The Magistrate Judge's order denying Plaintiff's motion to compel was an exercise of discretion in managing the docket and enforcing orders in this case.  The fact that the Magistrate Judge did not find good cause to modify the scheduling order and entertain an untimely motion to compel, therefore, was not a clearly erroneous abuse of that discretion.

Accordingly, Plaintiff's objections, construed as a motion for reconsideration, (ECF No. 87), are denied.

IT IS SO ORDERED.

Dated:   April 4, 2023                                    _____
                                                          UNITED STATES DISTRICT JUDGE