UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND H. DENTON,<br><br>    Plaintiff,<br><br>    v.<br><br>S. BIBBS, et al.,<br><br>    Defendants. | Case No.  1:19-cv-00316-KES-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 78, 88, 89, 96.)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUESTS FOR JUDICAL NOTICE<br><br>(Docs. 97, 106.) |

Plaintiff Raymond Denton is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  In general, plaintiff alleges that defendants S. Bibb, J. Anderson, T. Costa, and R. Chavez (collectively, "defendants") retaliated against him for his involvement in filing a grievance against defendant Bibb.  Defendants filed a motion for summary judgment on plaintiff's claims against them for retaliation in violation of the First Amendment.  Doc. 78.  Plaintiff also filed a motion for summary judgment, along with a request for judicial notice.  Docs. 89, 88.

On August 10, 2023, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be denied, that plaintiff's motion for summary judgment be denied, and that plaintiff's request for judicial notice be granted in part and denied in part.  Doc. 96.  After the magistrate judge issued the findings and recommendations, plaintiff filed additional requests for judicial notice.  Docs. 97, 106. Defendants filed oppositions to the requests for judicial notice.  Docs. 99, 109.  Plaintiff and defendants both filed objections to the findings and recommendations, and defendants filed a response to plaintiff's objections.  Docs. 100, 103, 104.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case.  For the reasons set forth below, the Court adopts in full the findings and recommendations (Doc. 96) and grants in part and denies in part plaintiff's requests for judicial notice (Docs. 97, 106).

## I.  PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE

Plaintiff filed one request for judicial notice that is addressed in the findings and recommendations; plaintiff also filed two requests for judicial notice after the issuance of the findings and recommendations.  Docs. 97, 106.  The Court may take judicial notice of undisputed matters of public record, including records of state agencies and administrative bodies.  *Disabled Rights Action Comm. V. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).  "[C]ourts may take judicial notice of 'undisputed matters of public record,' but generally may not take judicial notice of 'disputed facts stated in public records.'"  *Butler v. Rueter*, No. 2:22-CV-01301-KJN, 2023 WL 1991591, at *2 (E.D. Cal. Feb. 14, 2023), report and recommendation adopted in part sub nom. *Butler v. Kelso*, No. 2:22-CV-1301-KJM-KJN, 2023 WL 5528580 (E.D. Cal. Aug. 28, 2023) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).  "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The Court has reviewed plaintiff's requests for judicial notice and, as set forth below, grants in part and denies in part plaintiff's requests for judicial notice.

**A.  Plaintiff's First Request for Judicial Notice (Doc. 88)**

Plaintiff's first request for judicial notice, filed in conjunction with his motion for summary judgment, asks the Court to take judicial notice of *In re Scott*, 113 Cal. App. 4th 38 (2003), as well as Rules Violation Reports issued to different inmates for Failure to Respond to Notices that were classified as "Counseling Only."  Doc. 88 at 1.  Defendants objected to plaintiff's request for judicial notice, arguing that plaintiff failed to authenticate the Rules Violation Reports and that it would be improper to take judicial notice of the reports' contents and of the facts of *In re Scott*, 113 Cal. App. 4th 38 (2003).  Doc. 92.

The magistrate judge recommended the Court take judicial notice of *In re Scott*, 113 Cal. App. 4th 38 (2003), but only to the fact that the case exists, not for the truth of the facts cited in the case.  Doc. 96 at 11.  The Court adopts this recommendation and takes judicial notice of the existence of *In re Scott*, 113 Cal. App. 4th 38 (2003), but not the facts stated therein.

The magistrate judge also recommended that plaintiff's request for judicial notice be denied as to the Rules Violation Reports because plaintiff did not demonstrate that the facts contained in the reports "are either 'generally known' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  Doc. 96 at 11 (quoting Fed. R. Evid. 201(b)).  "Federal courts have recognized that RVRs fall within the category of public records subject to judicial notice."  *Daniels v. Valencia*, No. 1:17-CV-00492-DAD-EPG, 2018 WL 3640321, at *3 (E.D. Cal. July 30, 2018), report and recommendation adopted, No. 1:17-CV-00492-DAD-EPG, 2018 WL 4636186 (E.D. Cal. Sept. 26, 2018).  However, plaintiff provides no authentication for the documents he seeks to be judicially noticed.  Fed. R. Evid. 902(1).  Moreover, the Court may not "take judicial notice of, and construe as true, the factual allegations contained in the RVRs as those factual allegations are in dispute."  *Daniels*, 2018 WL 3640321, at *4; *see Khoja*, 899 F.3d at 999 ("a court cannot take judicial notice of disputed facts contained in [ ] public records").

**B.  Plaintiff's Second Request for Judicial Notice (Doc. 97)**

On August 11, 2023, plaintiff filed a second request for judicial notice.  Doc. 97.  Plaintiff asks the Court to take judicial notice of a portion of the Valley State Prison's Department of

1    Operations Manual Supplement regarding inmate count and movement, specifically Chapter 5,

2    Article 16, Section 52020.7 which "articulates the procedures that VSP correctional officers are to

3    follow when an inmate cannot be located." Doc. 97 at 1. According to plaintiff, these procedures

4    "were not followed because Plaintiff was not missing on the day in question" and plaintiff asks

5    the Court to take notice of that "adjudicative fact." *Id.* Defendants oppose plaintiff's request, but

6    "do not contest the authenticity of this document at this time." Doc. 99 at 1. Defendants oppose

7    plaintiff's request on the ground that "the document does not support Plaintiff's conclusion that

8    he was not 'missing' and therefore policy was not followed," and defendants object to plaintiff's

9    "conclusory statements." *Id.* at 1-2.

10    The Court takes judicial notice of the Valley State Prison's Department of Operations

11    Manual Supplement Chapter 5, Article 16, Section 52020.7, but plaintiff's assertion that the

12    procedures were not followed is an argument on a disputed matter and is not the proper subject of

13    judicial notice. The Court cannot take judicial notice of the truth or falsity of plaintiff's assertions

14    regarding disputed matters.

15    **C. Plaintiff's Third Request for Judicial Notice (Doc. 106)**

16    On December 6, 2023, plaintiff filed a third request for judicial notice. Doc. 106.

17    Plaintiff again asks the Court to take judicial notice of CDCR's Operations Manuel Section

18    52020.7, as well as the two Rules Violations Reports issued to different inmates that were the

19    subject of plaintiff's first request for judicial notice. Plaintiff also seeks judicial notice of a Rules

20    Violation Report issued to plaintiff. *Id.* Defendants oppose plaintiff's request. Doc. 109.

21    Defendants contend the CDCR manual does not support plaintiff's conclusory allegation

22    that CDCR policy was not followed when defendant Bibb put the yard down to locate plaintiff.

23    *Id.* at 2. As noted above, the Court will take judicial notice of the Valley State Prison's

24    Department of Operations Manual Supplement Chapter 5, Article 16, Section 52020.7, but does

25    not take judicial notice of plaintiff's arguments in connection with the procedures.

26    Defendants also argue the Court should not take judicial notice of the Rules Violation

27    Reports because they are not relevant to the pending motion for summary judgment. *Id.* at 3.

28    Defendants do not dispute the authenticity of the Rules Violation Reports, but they contend that

plaintiff does not explain why the reports are relevant or how the incidents in the reports are similar to plaintiff's case.  *See id.*  In his request for judicial notice, plaintiff notes that the Rules Violation Reports issued to other inmates for failure to respond to notices were classified as "counseling only" while the report issued to plaintiff was classified as "serious."  Doc. 106 at 1. As plaintiff's claims rest, in part, on whether he was misclassified due to retaliation, he has established that the Rules Violations Report have some relevance.  The Court takes judicial notice of the existence of the Rules Violation Reports and the stated classifications listed thereon, but not as to the truth or falsity of any information in the reports.

## II.    Motions for Summary Judgment

As to defendants' motion for summary judgment, the magistrate judge found there were genuine disputes of fact as to whether defendants took adverse actions against plaintiff for his engagement in protected conduct, and as to whether their actions advanced a legitimate penological interest.  Doc. 96 at 12.  Because the genuine disputed material facts precluded summary judgment, and because plaintiff did not receive permission to file an untimely summary judgment motion, the magistrate judge also recommended denying plaintiff's motion for summary judgment.  *Id.* at 19.

Defendants filed objections to the findings and recommendations on August 31, 2023. Doc. 100.  Defendants contend that their actions served a legitimate penological purpose of establishing order in the prison and that they presented undisputed evidence that, given plaintiff's documented history of prior rules violations, defendants would have disciplined plaintiff in the same way even absent plaintiff's protected conduct.  *Id.* at 2.  Defendants also object to the magistrate judge's finding that the inmate declarations submitted by plaintiff create a dispute as to whether defendant Bibb had reliable information as to plaintiff's location.  *Id.* at 3-4.  Defendants further contend the magistrate judge erred by relying on *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003), arguing *Bruce* is distinguishable because plaintiff failed to meet his burden of establishing there was no legitimate penological purpose for the issuance of the Rules Violation Report as to plaintiff.  *Id.* at 4.

In *Bruce*, the plaintiff was investigated for gang affiliations to determine where he would

be housed, and on two prior occasions the evidence had been found insufficient to classify the plaintiff as a gang member. *Bruce,* 351 F.3d at 1286. The plaintiff was transferred to another prison, and two years later, was placed in administrative segregation, where he filed grievances. *Id.* The prison reinitiated a gang-affiliation investigation as to the plaintiff and classified him as a gang member, using the same information that two other prisons had previously found insufficient. *Id.* A guard allegedly told the plaintiff that the gang classification was due to his filing of grievances. *Id.* at 1289. The Ninth Circuit held that the timing of the re-classification, the statements made by the guard, and the stale evidence raised a triable issue of fact regarding whether there was a retaliatory motive for the re-classification. *Id.* Defendants "may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right." *Id.*

Like the plaintiff in *Bruce*, plaintiff has set forth sufficient evidence that, when construed in the light most favorable to plaintiff, raises a triable issue of fact regarding a retaliatory motive for defendants' actions. Plaintiff alleges that Bibb stated she would write up plaintiff and have him removed from the Men's Advisory Council because plaintiff had filed a grievance. Doc. 96 at 12. Less than a week later, Bibb wrote a disciplinary report that allegedly includes false information. *Id.* Bibb's violation report indicates that none of the inmates knew where plaintiff was, but plaintiff has produced evidence that at least one inmate informed Bibb about plaintiff's location. *Id.* at 13. While defendants argue that Bibb did not need to rely on such inmate statements, there is a material dispute as to whether Bibb made a false statement in her report. Plaintiff has also alleged that all the defendants knew of and/or participated in the retaliation. Further, the charge against plaintiff was subsequently modified from delaying a peace officer to failure to respond to notices, the serious charge classification was later reduced to counseling only. *Id.* 13-14.

The magistrate judge appropriately found that plaintiff had produced evidence that, when viewed in the light most favorable to plaintiff, raises a triable issue for the jury as to whether the defendants' stated penological goals were legitimate. Doc. 96 at 14. An otherwise proper

1   institutional procedure may not be used "as a cover or a ruse to silence and punish [plaintiff]

2   because he filed grievances," and any such use would not serve a valid penological purpose.

3   *Bruce*, 351 F.3d at 1289 (holding that if defendants abused the gang validation procedure in

4   retaliation, they could not assert a valid penological purpose even if the plaintiff may have

5   arguably belonged in a secured housing unit for gang affiliations); *Crittendon v. Cooper*, No.

6   2:20-CV-02062-CDS-VCF, 2023 WL 3728380, at *6 (D. Nev. May 1, 2023) (If defendants

7   "justifications were used as a cover to silence and punish [plaintiff] for his grievance filing, then a

8   legitimate penological purpose would no longer exist.").  Defendants deny that they acted as

9   alleged, but plaintiff has sufficiently established a material dispute of fact as to this issue.

10          Defendants argue that plaintiff's own evidence demonstrates that the decision not to

11  reinstate plaintiff to the IMAC Chairmanship was unrelated to the Rules Violation Report issued

12  against him.  Doc. 100 at 5.  However, the decision was at least partially also based on the "one

13  occasion the Facility [froze] all movement to look for [plaintiff]."  Doc. 89 at 110.  Moreover,

14  defendants do not provide any authority for why the decision not to reinstate plaintiff entitles

15  them to summary judgment.

16          Plaintiff was granted an extension of time to file objections, and he filed timely objections

17  on October 17, 2023.  Defendants filed a response to plaintiff's objections on October 26, 2023.

18  Doc. 104.  Plaintiff's objections generally argue that he is entitled to summary judgment because

19  the undisputed evidence and the Valley State Prison Operations Manual demonstrate that

20  defendant Bibb failed to follow the proper procedures and acted in retaliation.  Doc. 103 at 2-3.

21  However, as noted above, there are genuine facts in dispute that preclude summary judgment for

22  either party.  As such, the Court adopts the recommendation that plaintiff's motion for summary

23  judgment be denied.

24  ///

25  ///

26  ///

27  ///

28  ///

## III.    Conclusion

For the reasons set forth above, it is ORDERED that:

1. The findings and recommendations issued August 10, 2023 (Doc. 96), are ADOPTED IN FULL.

2. Defendants' motion for summary judgment (Doc. 78) is DENIED;

3. Plaintiff's motion for summary judgment (Doc. 89) is DENIED;

4. Plaintiff's requests for judicial notice (Docs. 88, 97, 106) are GRANTED in part, and DENIED in part;

5. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:    February 13, 2025

_____
UNITED STATES DISTRICT JUDGE